UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

------------------------------------------------------------------------------------------------------------

In re:                                                                                                    Case Number: 06-10071-7

    WENDY JEAN McKITTRICK,

                Debtor.

----------------------------------------------------------------

U.S. TRUSTEE'S OFFICE,

                Plaintiff,

v.                                                                                                         Adversary Number: 06-116

WENDY JEAN McKITTRICK,

                Defendant.

------------------------------------------------------------------------------------------------------------


MEMORANDUM OPINION, FINDINGS OF FACT,
AND
CONCLUSIONS OF LAW


A telephonic hearing was held before the Court in this adversary proceeding on August 7, 2006. The United States Trustee seeks a determination that the debtor, Wendy Jean McKittrick, is not eligible to receive a chapter 7 discharge because she previously obtained a discharge in a case filed within the eight years prior to the filing of her present bankruptcy case. The facts are simple and uncontested. The debtor previously filed a chapter 7 bankruptcy case on October 19, 1998. She received a discharge in that case on January 27, 1999. On January 19, 2006, the debtor commenced the present chapter 7

case. In the interim, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Prior to the passage of the Act, 11 U.S.C. § 727(a)(8) provided that a debtor could not receive a discharge if he or she had previously obtained a discharge in a case commenced within six years of the present one. The 2005 bankruptcy amendments extended this period to eight years. Section 1501 of the Act provided that the amendments applied in all cases commenced after October 16, 2005. The present dispute relates to whether this case should be governed by the version of § 727(a)(8) in effect when the debtor filed her first case in 1998, or the amended version in effect when she filed the present one.

The U.S. Trustee has objected to the debtor's discharge on the grounds that the amendments to § 727(a)(8) preclude her from receiving one. The debtor contends that as no one else has objected to her discharge, the U.S. Trustee lacks the standing to bring this adversary proceeding. The debtor also argues that the bankruptcy amendments cannot be applied "retroactively," and that to do so would violate the debtor's substantive rights, including the right to "seek the protection of bankruptcy." According to the debtor, Congress did not clearly indicate that the eight year prohibition would affect debtors who had received a discharge prior to the effective date of the amendments, and that in the absence of such an intent the statute cannot be construed to prevent her receipt of a discharge.

As to the first issue, the Court acknowledges that no creditors objected to the debtor's discharge. However, § 727(c)(1) provides that "the trustee, a creditor, or the

United States trustee may object to the granting of a discharge under subsection (a) of this section." This would include objecting to the debtor's discharge under § 727(a)(8), the subsection at issue in this case. While the debtor seems to suggest that she should receive a discharge unless her creditors object, the reality is that § 727 clearly delineates the circumstances under which a debtor is not entitled to receive a discharge, and establishes the right of the U.S. Trustee to object to a debtor's discharge even when creditors do not.

The U.S. Trustee contends that the 2005 amendments do not "retroactively" modify or affect the debtor's substantive rights in any impermissible way. The Court must agree with this position. The statute does not act to retroactively punish behavior, and while § 727(a)(8) implicates the debtor's prior conduct, it is nonetheless "prospective" in its application. It affects only future conduct – namely, the filing of subsequent bankruptcy cases. As the U.S. Trustee notes, the 2005 amendments do nothing to affect the actual substantive rights the debtor received as a result of her 1998 bankruptcy, such as her discharge in that case. The notion that the debtor could possess a substantive right to a subsequent bankruptcy filing is misplaced. Given Congress's ability to modify, amend, or even repeal the bankruptcy laws, the debtor could have had no assurance that the bankruptcy laws would remain substantially the same even six years after her 1998 filing. In fact, there is no constitutional right to a discharge at all. United States v. Kras, 409 U.S. 434, 446, 93 S. Ct. 631, 34 L. Ed. 2d 626 (1973) (bankruptcy is not a fundamental right and is "hardly akin to free speech or marriage or to those other rights, so many of

which are imbedded in the First Amendment, that the Court has come to regard as fundamental").

As the Supreme Court has stated:

A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law.

Landgraf v. USI Film Prods., 511 U.S. 244, 269, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994). Legislative enactments frequently alter the expectations of various parties. When she received her discharge in 1999, the debtor may well have known that § 727(a)(8), as written at the time, provided that she could not receive another chapter 7 discharge for six years. That does not mean she suddenly obtained the absolute right to file such a case, or that Congress was incapable of modifying her ability to do so.

In Landgraf, the Court stated that new statutes frequently "unsettle expectations and impose burdens on past conduct: a new property tax or zoning regulation may upset the reasonable expectations that prompted those affected to acquire property." Id. at 269 n. 24. State and federal legislatures routinely alter tax laws, licensing regulations, or other similar provisions in a myriad number of ways that may negatively impact citizens who took certain actions based upon their expectations and understanding of the law at the time. The debtor chose to file bankruptcy in 1998 based upon her existing financial situation, not because doing so meant that she could receive another discharge in six years. Much as with tax laws and zoning restrictions, Congress is free to prospectively modify her ability to receive a subsequent bankruptcy discharge at some future point, even if that modification is based upon her prior conduct. Just as the taxpayer who faces

the loss of a tax deduction for future years when Congress passes legislation which eliminates it, the debtor in the present case must accept Congress's power to prospectively modify her ability to file future bankruptcy cases.

In 1978, Congress enacted sweeping bankruptcy reform, replacing the bankruptcy act of 1898 with the present code. In United States v. Security Industrial Bank, 459 U.S. 70, 103 S. Ct. 407, 74 L. Ed. 2d 235 (1982), the Supreme Court considered the constitutionality of 11 U.S.C. § 522(f)(2), one of the code's new provisions. This section allows individual debtors in bankruptcy to avoid liens on certain property. In Security Industrial Bank, the debtors had attempted to utilize this provision to avoid liens which had been created prior to the enactment of the code. The creditors objected, arguing that the application of § 522(f)(2) to liens which predated the code constituted an unconstitutional "taking" of their property interests in violation of the Fifth Amendment to the U.S. Constitution.

The Supreme Court concluded that, absent an "explicit command" from Congress, it would not construe the provision to eliminate property rights created prior to the enactment of the code. As such, it construed § 522(f)(2) as only affecting liens created after the effective date of the code so as to avoid resolving the "difficult and sensitive questions arising out of the guarantees of the Takings Clause." 103 S. Ct. at 414. Important for the present case, however, are several other observations made in the course of the opinion. At the outset, the Court stated:

> It may be readily agreed that § 522(f)(2) is a rational exercise of Congress' authority under Art. I, § 8, cl. 4, and that this authority has been regularly construed to authorize the retrospective impairment of contractual obligations. Hanover National Bank v. Moyses, 186 U.S. 181, 188, 22 S. Ct. 857,

5

> 860, 46 L. Ed. 1113 (1902). Such agreement does not, however, obviate the additional difficulty that arises when that power is sought to be used to defeat traditional property interests. The bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation. [Citation omitted.] Thus, however "rational" the exercise of the bankruptcy power may be, that inquiry is quite separate from the question whether the enactment takes property within the prohibition of the Fifth Amendment.

Id. at 410. Later in the decision, the Court noted the government's argument that bankruptcy statutes are usually construed to apply to pre-existing rights, and stated that this is "unobjectionable in the context of traditional contract rights." Id. at 413. As the Court recognized, modifications to the bankruptcy laws frequently impact or impair the rights of various parties; the constitutional question in the case was simply whether the government had gone too far in impairing the vested property rights of creditors.

Presupposing that the amendments to § 727(a)(8) could be construed as applying retroactively rather than prospectively, the Court agrees with the U.S. Trustee that Congress clearly intended such a result, and that the amendments do not interfere with any substantive rights, let alone any property rights which would raise the types of concerns at issue in Security Industrial Bank. As a preliminary issue, the 2005 amendments were effective as to any case commenced after October 16, 2005. Congress clearly contemplated that the amended version of § 727(a)(8), which precludes a debtor from obtaining a discharge if he or she received one in a case filed within eight years of the present case, would apply to all cases "commenced" after the effective date of the legislation. Indeed, to hold to the contrary would mean that the amended section would presumably not become fully effective until October 16, 2011, and that debtors who filed

6

bankruptcy on the eve of the effective date of the legislation would hold the "right" to file a subsequent case within six years, rather than the statutorily provided eight years.

There is no basis for finding that the debtor holds some sort of vested property right in a subsequent bankruptcy discharge. The debtor's proffered "expectation" that she only needed to wait six years for a second chapter 7 discharge cannot defeat Congress's constitutional authority to fashion uniform bankruptcy laws. The debtor's first case did not create a "property right" in a future bankruptcy filing, and the extension in the time period that the debtor must wait before receiving a second discharge is not an unconstitutional deprivation. Put another way, the debtor has as much of a "right" to file bankruptcy as someone who has never filed before: namely, upon the terms and conditions established by Congress. To the extent that those conditions are subject to constitutional scrutiny, they need only to have a "rational justification." See Kras, 409 U.S. at 446; In re Baxter, 34 B.R. 911, 915 (Bankr. E.D. Tenn. 1983).

When Congress modified the provisions found in 11 U.S.C. § 109 to require a debtor to obtain credit counseling in order to qualify as a "debtor" under the code, it altered a prospective debtor's ability to file bankruptcy. As the U.S. Trustee notes, the "means test" now found in the code and the removal of the fraud "superdischarge" once found in chapter 13 also impact prospective debtors and modify their ability to receive a discharge based upon conduct which took place prior to October 16, 2005. Modifying the future eligibility of a debtor to receive a discharge in bankruptcy is, in general, simply part of Congress's power under the bankruptcy clause of the Constitution. See, e.g., In re Tomco, 339 B.R. 145, 156-57 (Bankr. W.D. Pa. 2006) (imposition of credit counseling is a

rational exercise of Congressional authority); In re Watson, 332 B.R. 740, 746 (Bankr. E.D. Va. 2005) (requirement of credit counseling does not burden a fundamental right).

The 2005 amendments were premised upon the legislative belief that bankruptcy was too readily available and "sometimes used as a first resort rather than a last resort." Tomco, 339 B.R. at 152; see also, In re Thompson, 344 B.R. 899, 902 (Bankr. S.D. Ind. 2006). Many may disagree with the underlying reasoning, but the amendments to § 727(a)(8) are rationally related to this legislative purpose. Debtors do not hold a vested property right to file bankruptcy based upon the terms as they may exist at some frozen point in time; they must instead take the terms which exist when they choose to file bankruptcy. As one court has stated, "Congress, within the limits of the Constitution, is free to deny access to bankruptcy as it sees fit." In re Krohn, 886 F.2d 123, 127 (6th Cir. 1989); see also, In re Lucre, 339 B.R. 648 (Bankr. W.D. Mich. 2006). The amended version of § 727(a)(8) does not even act to deny access to the bankruptcy system, as debtors remain free to file; they simply may not receive a discharge.[1] At the time the debtor filed the present case, she was subject to the current version of § 727(a)(8), and is therefore not eligible to receive a discharge.

The debtor initially moved to dismiss this adversary proceeding. The facts are uncontroverted, and the parties established a briefing schedule after acknowledging that the issue before the Court is purely a matter of law. Based on the record, the Court

---

[1] Whether there are circumstances under which a debtor would find such a course of action beneficial is beyond the scope of this opinion.

concludes that the U.S. Trustee has standing to bring this adversary proceeding, and that § 727(a)(8), as modified by the 2005 bankruptcy amendments, applies to this case.

Accordingly, the debtor's discharge is denied. The parties shall bear their own costs.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated: August 24, 2006

BY THE COURT:

/s/ Thomas S. Utschig

_____

Hon. Thomas S. Utschig
U.S. Bankruptcy Judge